## TUCKER, Ex'rx, *v.* EDWARDS.

*(Supreme Court of Colorado, Feb. 29th, 1884—Error to the County Court of Jefferson County.)*

1. STATUTE OF FRAUDS—DEMURRER TO COMPLAINT. The statute of frauds has changed the rule of evidence, not the rule of pleading. A plea which set forth a contract for the conveyance of real estate is good on demurrer, though it does not aver that the contract was in writing—it not appearing in the plea that it was *not* in writing.

2. INCONSISTENT PLEAS. Under the old practice, while the parts of each plea could not be repugnant to each other, still separate special pleas in the same answer might be inconsistent, yet not render the pleading obnoxious to demurrer.

3. ACCORD AND SATISFACTION. The failure to make the accord a full satisfaction, being the fault of plaintiff, defendant was not precluded from the benefit of this defense.

4. PRACTICE—WHEN EXCEPTION TO RULING ON DEMURRER NOT WAIVED. Defendant did not waive his exception to the ruling on demurrer to his plea of accord and satisfaction, by going to trial on the plea of *nul tiel* record. The two pleas present entirely different defenses. The latter denies the existence of the original judgment as pleaded, the former admits its existence and avers satisfaction thereof. Had the defendant amended the former plea and gone to trial thereon, his objection would not be considered in the Supreme Court; but trying the issue raised by the plea of *nul tiel* record was no waiver of his exception to the ruling of the Court against the plea of accord and satisfaction.

HELM, J. Upon a careful examination of the record before us, we conclude that there is but one error of sufficient importance to justify a reversal.

This is a proceeding by *scire facias,* under the old practice, to revive a judgment. After considerable preliminary skirmishing, defendant below filed four special pleas in bar of the action, viz: first, *nul tiel* record; second, *actio non accrevit,* three years; third, *idem,* seven years; and fourth, accord and satisfaction. That plaintiff agreed with defendant that if de-

fendant would journey with him from Boulder to Gilpin county, and pay all the expenses of both during the journey, and at plaintiff's election, either convey to him by quit-claim deed a certain property right which defendant then had in and to a certain parcel of the public domain, or in lieu of such conveyance, pay him $100 in cash, he would receive such conveyance or money, together with the other acts and expenditures specified, in full satisfaction of the judgment, to revive which this proceeding is now instituted, and also in satisfaction of the costs connected therewith. That afterwards said journey was made at defendant's expense, in accordance with the terms of the contract; and that defendant "was then and there willing and ready, and ever since hath been, and now is ready and willing to convey to said plaintiff by deed of quit-claim the said property right, or to pay him $100," as he, the said plaintiff, should elect.

To the first of said pleas a replication was filed; to the second, third and fourth, a demurrer was interposed. This demurrer the Court sustained, and the cause was then tried upon the issue of *nul tiel* record.

The fourth plea stated a good defense, and the demurrer thereto should have been overruled. We may suppose, with counsel for defendant in error, that the contract therein stated provided for the transfer of an interest in lands; yet, it was not necessary to aver that the same was in writing. There is nothing in the plea to show that it was *not* written, and therefore no demurrer would lie upon this ground. The statute of frauds has changed the rule of evidence, not the rule of pleading. Gould's Pleading, Ch. 4, Sec. 43, and cases.

But counsel argue that the ruling of the Court was proper, because the pleas were inconsistent. The pleadings in this case must be tested by the rules relating to the subject as they existed with us prior to 1877. Section 14, page 504, Revised Statutes of 1868, would seem to answer counsel's objection; it permits the defendant to plead "as many matters of fact, in several pleas, as he may deem necessary for his defense." A similar statute was construed in Illinois to allow the filing of pleas which are inconsistent with each other. *Farnan* v. *Childs*, 66 Ills., 547. See also, *People ex rel Crawford* v. *Lathrop*, 3 Colo.,

448, interpreting a like Code provision; and *Peters* v. *Ulmer,* 75 Pa. St., 403.

Under the procedure existing when this suit was brought and determined, the parts of each plea could not be repugnant to each other; but separate special pleas in the same answer might be inconsistent and yet not render the pleadings obnoxious to demurrer.

By the terms of the contract averred in the plea under consideration, plaintiff was given an option; he was to have the privilege of electing between the conveyance of the possessory interest, and $100 in cash. He has never made this election, and the averment by defendant of his constant readiness to do either, is sufficient; it cannot be said that he must make an actual, technical tender of either the deed or the money, at least until plaintiff indicates his choice. See 1 Chitty's Pl., (16 Ed.,) 336.*

The failure to make the accord a full satisfaction being the fault of plaintiff, defendant was not precluded from the benefit of this defense. See *Cary* v. *McIntyre,* decided at the present term.

Plaintiff in error did not waive his exception to the ruling upon this demurrer, as counsel contend. The plea of *nul tiel* record, and that of accord and satisfaction, present entirely dissimilar issues. The former denies the existence of the original judgment as pleaded, the latter admits its existence and avers satisfaction thereof. Had defendant amended the latter plea, and gone to trial thereon, his objection would not now be considered; but trying the issue made by the former, was no waiver of his exception to the Court's ruling against the latter.

For error in sustaining the demurrer to defendant's fourth plea the judgment must be reversed.

*Reversed and remanded.*

*Wells, Smith & Macon,* for plaintiff in error.

*Markham, Haynes, C. H. Dillon* and *Northup,* for defendants in error.